## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

JTH TAX, INC., d/b/a
LIBERTY TAX SERVICE, and
SIEMPRETAX, LLC,

      **Plaintiff,**

      v.                                   **Case No.: 2:16cv279**

GREGORY AIME; et al.,

      **Defendant.**

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction, filed on June 22, 2016. ECF No. 7. On July 1, 2016,[1] the Court held a hearing on the motion at which Attorney Peter Siachos represented Plaintiff, and Attorney Ryan Snow represented Defendants. This matter was referred to the undersigned for preparation of a Report and Recommendation. Following consideration of the submissions of the parties, both in their pleadings and at the hearing, the Court announced certain findings of fact from the bench and advised of the recommendations it would make to the District Judge. For the reasons stated on the bench and stated herein, the Court **RECOMMENDS** the Plaintiff's motion be **GRANTED IN PART.**

### I. FACTUAL BACKROUND

As the Court explained from the bench, its findings of fact are based on the verified complaint submitted by Plaintiff and two declarations proffered the morning of the hearing.

---

[1] Given the general urgent nature of a temporary restraining order ("TRO"), a hearing was scheduled for June 27, 2016 before the undersigned. By consent, counsel for both parties requested the hearing be reset for July 1, 2016.

Those listed here, and in the Section II.B. of this Report and Recommendation, supplement the findings announced by the Court from the bench.  Plaintiff JTH Tax, Inc. is a franchisor of Liberty Tax Service and SiermpreTax, income tax preparation service centers located throughout the United States.  Defendants became franchisees of Plaintiff's tax preparation services in or about 2011.  At issue in this matter are nine franchise agreements—six with Liberty Tax Service and three with SiempreTax.  These franchise locations are located in New York.  The agreements contain a series of obligations, including, *inter alia*, Defendants' service operations, the use of Plaintiff's trademarks and software, the maintenance of insurance, and maintenance of an Electronic Filing Identification Number ("EFIN") with the Internal Revenue Service ("IRS").  In January of 2016, the IRS revoked Defendants' EFIN, resulting in a material breach of the franchise agreements.  The parties entered into a Purchase and Sale Agreement, setting forth further contractual post-termination obligations for Defendants, and terminating the franchise agreements.  Plaintiff presented to this Court, alleging that Defendants failed to comply with their contractual obligations set forth in the franchise agreements and the Purchase and Sale Agreement.  Specifically, Plaintiff alleged that Defendants (1) refused to assign leases for the franchise locations to the Plaintiff (2) refused to return confidential propriety files and records, including customer lists, related to the operation of the franchise locations, (3) refused to transfer the franchise assets to the Plaintiff, (4) failed to return Plaintiff's confidential operations manual and other business information, and (5) indicated their intent to operate a competing tax preparation business using Plaintiff's confidential information.  On June 30, 2016, Defendants filed a Response in Opposition, disputing the facts Plaintiff presented in its memorandum, and opposing the issuance of a TRO and a preliminary injunction. ECF No. 13.  On July 1, 2016, the morning of the hearing, Plaintiff filed two declarations in support of its motion. ECF Nos. 14

2

and 15. Both declarations were from employees that worked at Defendants' stores, and described disruptive conduct by Defendant Aimes. *Id.* At the hearing, both parties argued their pleadings.

## II. ANALYSIS

### A. Standard of Review

A temporary restraining order is a drastic remedy intended to preserve the status quo until the Court can hold a hearing on motion for a preliminary injunction. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) ("While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held."). When considering a request for a temporary restraining order, the Court considers the same factors as it would when considering whether a preliminary injunction is appropriate. *See U.S. ex rel. $12,642.00 U.S. Currency v. Com. of Va.*, 2003 WL 23710710, *1 (E.D. Va. 2003) (citing *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353 (4th Cir. 1991) ("The standard for granting either a TRO or a PI is the same.")). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008)); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (reiterating the Supreme Court's standard). All four factors must be shown, and the movant bears the burden on each. *Real Truth, 575 F.3d* at 345-46.

B. Findings of Fact and Conclusions of Law

First, Plaintiff is likely to succeed on the merits. Through a verified complaint, Plaintiff demonstrated that it is likely to succeed on its claims that the Defendants breached the franchise agreements and the Purchase and Sale Agreements. It is undisputed that Defendants were expelled from the IRS's EFIN program—a ground for immediate termination of the franchise agreements. Defendants failed to comply with post-termination obligations in the franchise agreements and provisions in the Purchase and Sale Agreements, such as refusing to return customer lists, income tax returns, and files, using Plaintiff's registered trademarks, and refusing to assign to the Plaintiff those lease agreements for the operation of the nine locations. Plaintiff is also likely to succeed on the merits of its trademark infringement claims by demonstrating Defendants' continued operation of the locations, records, and software baring the Liberty Tax name. *See Allegra Network LLC v. Reeder*, No. CIV. A. 1:09-CV-912, 2009 WL 3734288, at *2 (E.D. Va. Nov. 4, 2009) (finding a likelihood of success on the merits on a claim of tax infringement when the defendant continued to use plaintiff's trademarks and operate under the franchise even in a new location).

Second, it is likely (not merely possible) that Plaintiff will suffer irreparable harm absent preliminary relief. Plaintiff submitted two declarations by tax preparation employees, indicating that Defendant Aimes changed the locks on two tax preparation locations that Plaintiff now owns pursuant to the Purchase and Sale Agreement. ECF Nos. 14 and 15. In one declaration, an employee indicated that computers and paperwork were missing, and that clients were lined up outside the Liberty Tax locations, "look[ing] confused." ECF No. 14 ¶¶ 4-5, 9. Pursuant to a TRO issued out of a New York state court, Defendants are still in control and operation of at least two locations that bare the Liberty Tax name and other related trademarks. Defendants'

4

control of these locations misuses Plaintiff's trademarks and violates the non-compete provisions in the agreements, demonstrating irreparable harm. *See JTH Tax, Inc. v. Olivo*, No. 2:15CV345, 2016 WL 595297, at *4 (E.D. Va. Feb. 12, 2016) (citing *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 552 (4th Cir. 1994) ("In this Circuit, 'when the failure to grant preliminary relief creates the possibility of permanent loss of customers to a competitor or the loss of goodwill, the irreparable injury prong is satisfied.'")); *JTH Tax, Inc. v. Donofrio*, No. CIV A 2:06CV47, 2006 WL 2796841, at *5 (E.D. Va. Sept. 26, 2006) (finding that the irreparable harm prong is satisfied if there is the "possibility of permanent loss of customers to a competitor or the loss of goodwill). Defendants have also failed to return Plaintiff's property, such as computers, records, and customer lists, and are in possession and control of propriety and confidential information. *See Olivo*, 2016 WL 595297, at *4 (explaining that when a defendant can profit from customer lists, operations manual, and the use of a plaintiff's trademarks, it detriments the plaintiff). Defendants' ongoing interference at the franchise locations not only violates the post-termination obligations in the franchise agreements, but impacts Plaintiff's ability to adequately operate its tax preparation business. *See JTH Tax, Inc. v. Noor*, No. 2:11CV22, 2012 WL 4473252, at *3 (E.D. Va. Sept. 26, 2012) ("By any continued breach of the post-termination agreement, the harm to JTH clearly remains."); *cf. Movement Mortgage, LLC v. Ward*, No. 3:14-CV-23-RJC-DCK, 2014 WL 461137, at *2 (W.D.N.C. Feb. 5, 2014) (finding that the loss of several key referral sources; lost revenue, and diminished future business demonstrates irreparable harm).

Third, the balance of equities tips in Plaintiff's favor. This factor requires the court to balance "the harm to the plaintiff's business interests as compared to the harm to the defendant's financial well-being." *JTH Tax, Inc. v. Lee*, 514 F. Supp. 2d 818, 826 (E.D. Va. Sept. 1, 2007).

Enjoining the Defendants to stop using the Plaintiff's trademarks, to return all of Plaintiff's property—customer lists, tax returns, records, operations manuals, hardware, and software—is not overwhelmingly burdensome to the Defendants and is consistent with the aim to repair any harm Plaintiff has suffered from the Defendants' violations of the franchise agreements, the Purchase and Sale Agreement, and any trademark use and misuse. *See Donofrio*, 2006 WL 2796841, at *5 (finding minimal burden on the defendant when the injunction does nothing more than enforce the parties' contract obligations).

Finally, a TRO at this time is in the public interest. Enforcing contractual obligations serves the public interest. *Lee*, 514 F. Supp. 2d at 826 (finding that upholding the contract between the parties serves the public interest by preventing customer confusion); *Olivo*, 2016 WL 595297, at *5 (same); *Toolchex, Inc. v. Trainor*, No. 3:08-CV-236, 2009 WL 2244486, at *3 (E.D. Va. July 24, 2009) (same). Preventing trademark infringement also serves in the public's interest. *See Allegra Network*, , 2009 WL 3734288, at *3 (citing *Merry Maids Ltd. P'ship v. Kamara*, 33 F. Supp. 2d 443, 446 (D. Md. Dec. 10, 1998)) ("[T]he public interest lies in favor of granting a preliminary injunction because 'preventing infringement . . . serves the public interest in preventing consumer confusion.'"). Further, Defendants' interference with franchise locations by changing locks and refusing to return customer records and income tax forms harms both customers and employees throughout the tax preparation process.

### III. RECOMMENDATION

For the reasons stated on the record and in this Order, the Court **RECOMMENDS** that Plaintiff's motion, ECF No. 7, be **GRANTED IN PART**. Specifically, the Court **RECOMMENDS** the Defendants, and any agents, employees, and other individuals under their control, be ordered to complete the following steps within seven (7) days of the United States

6

District's Judge's Final Order on this Report and Recommendation:

> 1. Stop operating a tax preparation business or using and/or displaying the Marks without Plaintiff's consent;
>
> 2. Stop using the Marks or any confusingly similar name, device, mark, service mark, trademark, trade name, slogan or symbol used in connection with any Liberty Tax Service® or SiempreTax® franchise, including any reproduction, counterfeit copy, variation, emulation, or colorable imitation thereof which is likely to cause confusion or mistake or deceive the public;
>
> 3. Return to Plaintiff all printed materials provided by Plaintiff to Defendants, including, without limitation, all manuals, customer lists, advertising material, stationery, checks, bank notes, and printed forms and all other matters relating to the operation of the Franchise and/or bearing the Marks;
>
> 4. Assign the leases and corresponding telephone numbers to Plaintiff for the following locations:[2]
>
> - 400 W. 145th St., New York, NY 10031
> - 3544 Broadway, Suite #36, New York, NY 10031
> - 117-01 Guy R. Brewer Blvd., Jamaica, NY 11434
> - 114-12 Guy R. Brewer Blvd., Jamaica, NY 11434
> - 72 Main St., Hempstead, NY 11550
> - 134-12 Guy R. Brewer Blvd., Jamaica, NY 11434;

---

[2] Plaintiff sought the assignment of Defendants' leasehold interests in two other locations (369 Peninsula Blvd., Hempstead, NY 11550, and 569 Burnside Avenue, Inwood, NY 11096). However, as there is a state court order temporarily enjoining the Plaintiff from interfering with those locations, and in the interests of comity, this Court declines recommending an order directing Defendants to assign the leases and corresponding telephone numbers for those locations.

5. Stop owning, maintaining, engaging in, or having any interest in any other business which sells any products similar to those sold as part of the Liberty Tax Service® and/or SiempreTax® system within twenty-five (25) miles of any Franchise Location;

6. Stop employing or seeking to employ any person who is employed by Plaintiff or any other franchisee of Plaintiff's, or otherwise induce or seek to induce such person to leave his or her employment;

7. Stop using any confidential information from manuals or system provided by Plaintiff; and

8. Stop diverting or attempting to divert any customer or business from Plaintiff or solicit or endeavor to obtain the business of any person who shall have been a customer of any of the Franchise Locations.

Pursuant to Rule 65(c), the Court would normally require a bond when granting a temporary restraining order. Fed. R. Civ. P. 65(c). However, under provision 8(h) of the franchise agreements, the agreements provide that each party agrees "that Liberty is entitled to a temporary restraining order, . . . and that such an order or injunctions shall issue *without* the posting of any bond by Liberty." ECF No. 6 attach. 1 at 16 (emphasis added). Accordingly, the Court finds that Defendants waived any requirement that bond ought to be posted, and that no bond is necessary. *See Baskin-Robbins Franchising LLC v. Morris*, No. CV 10-00758 DAE-BMK, 2011 WL 3734234, at *5 (D. Haw. Aug. 23, 2011) ("Accordingly Paradise has plainly waived any bond posting requirement for injunctive relief."); *Big O Tires, LLC v. JDV, LLC*, No. 08-CV-1046-WYD, 2008 WL 4787619, at *6 (D. Colo. Oct. 31, 2008) (finding that "bond is not appropriate as the parties have stipulated in . . . the Agreement to injunctive relief without bond

for post termination violations of the Agreement"); *Cf. Winmark Corp. v. Brenoby Sports, Inc.*, 32 F. Supp. 3d 1206, 1225 (S.D. Fla. 2014) (noting that "the Franchise Agreement states that [plaintiff] could be entitled to an injunction without posting a bond, the Court is not bound by this provision").

Moreover, given the urgent nature of motion for injunctive relief, the Court exercises its discretion to shorten the time period provided by Rule 72(b)(2) in which a party can submit objections, and a response to objections, to the Report and Recommendation, from fourteen days to seven.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within **seven (7) days** from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within **seven days** (7) after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. The United States District Judge shall make a de novo determination of those portions of this report and recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91

9

(4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all counsel of record.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 1, 2016