UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JTH TAX, INC., d/b/a
LIBERTY TAX SERVICE, et al.

          Plaintiffs,

v.                                              Civil Action No.: 2:16cv279

GREGORY AIME, et al.

          Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff JTH Tax, Inc. d/b/a Liberty Tax Service and SiempreTax LLC's ("Plaintiff[1]") Motion for a Temporary Restraining Order and a Preliminary Injunction Should Not Issue ("the Motion").[2] Doc. 7. In a Report and Recommendation ("R&R"), the Magistrate Judge RECOMMENDED that the Motion be GRANTED IN PART. Doc. 16. Defendants Gregory Aime, Aime Consulting, LLC, Wolf Ventures, Inc., and Aime Consulting, Inc. ("Defendants") object to the R&R. Doc. 18. For the reasons below, the Court **OVERRULES** Defendants' objections and **ADOPTS** the Magistrate Judge's R&R. Doc. 16.

### I. BACKGROUND

A.    Facts[3]

Plaintiff is a tax preparation company. R&R at 2. Defendants have been franchisees of at least nine (9) Liberty Tax and SiempreTax locations since about 2011. Id. In about January

---

[1] JTH Tax, Inc. d/b/a Liberty Tax Service and SiempreTax LLC are both Plaintiffs, but for clarity only, the Court refers to them collectively as "Plaintiff."
[2] "Should Not Issue" is an error; Plaintiff does request a preliminary injunction. Doc. 7 at 2. Plaintiff's accompanying brief is entitled "Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue." Doc. 8.
[3] The facts and history set forth below are derived from evidence tendered in the TRO hearing as well as pleadings and motions filed with this Court. These are preliminary factual findings based on the existing record which shall be used for the limited purpose of ruling on the Magistrate Judge's R&R.

1

2016, Plaintiff learned that the Internal Revenue Service ("IRS") revoked the Electronic Filing Identification Number ("EFIN") for Defendants' franchise locations as a consequence of Defendants' activities. Doc. 8 at 3. Defendants were required to maintain the EFIN under their franchise agreements with Plaintiff. Id.; see Doc. 6, Exs. A, B, C, D, E, F, G, H, I. Plaintiff could have terminated the franchise agreements under the terms of the contract, but instead executed a Purchase and Sale Agreement ("PSA") with Defendants and gave them until May 8, 2016 to regain their EFIN and buy back the locations. Doc. 6, Ex. L ¶ 4.

Plaintiff seeks a temporary restraining order, alleging that Defendants:

> (1) refused to assign leases for the franchise locations to the Plaintiff, (2) refused to return confidential proprietary files and records, including customer lists, related to the operation of the franchise locations, (3) refused to transfer the franchise assets to Plaintiff, (4) failed to return Plaintiff's confidential operations manual and other business information, and (5) indicated their intent to operate a competing tax preparation business using Plaintiff's confidential information.

R&R at 2. Plaintiff also seeks a preliminary injunction. Doc. 7 at 2.

B.  **Procedural History**

On June 9, 2016, Plaintiff filed a Complaint in this Court. Doc. 1. On June 22, Plaintiff filed an Amended Verified Complaint to add Aime Consulting, Inc. as a Defendant. Doc. 6. Plaintiff also filed the Motion on June 22. Doc. 7. On June 30, 2016, Defendants filed a Response in Opposition to the Motion. Doc. 13. On July 1, Plaintiff filed two declarations in support of the Motion. Docs. 14, 15. Also on July 1, Judge Leonard held a hearing on the temporary restraining order ("TRO") and filed an R&R RECOMMENDING that the Court GRANT IN PART Plaintiff's Motion for a TRO as to six (6) of the nine (9) Liberty Tax and SiempreTax franchise locations in Defendants' control. R&R at 6–8; see id. at 2.[4] The R&R

---

[4] The Magistrate Judge noted in his R&R that two franchise locations are subject to a TRO in Defendants' favor issued by a New York state court. "Defendants are still in control and operation of at least two locations that [bear] the Liberty Tax name and other related trademarks." Doc. 16 at 4. "Plaintiff sought the assignment of Defendants'

also required objections to be filed within seven (7) days and responses to objections to be filed within seven (7) days. Id. at 9. On July 8, Defendants filed five (5) objections to the R&R. Doc. 18. On July 15, Plaintiff filed a response to Defendants' objections. Doc. 20. On July 15, Defendants' counsel waived service for all Defendants.[5] Doc. 22.

## II. LEGAL STANDARDS

### A. Review of the R&R

On a motion for injunctive relief, the Magistrate Judge may make only a recommendation to the Court. 28 U.S.C. § 636(b)(1)(A). The recommendation has no presumptive weight, and the Court is responsible for making a final determination. Owens ex rel. Metcalf v. Barnhart, 444 F. Supp. 2d 485, 488 (D.S.C. 2006) (citing Mathews v. Weber, 423 U.S. 261, 269 (1976)). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The Court reviews de novo any part of a Magistrate Judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); Little v. Colvin, No. 2:15cv47, 2016 WL 778026, at *2 (E.D. Va. Feb. 24, 2016). If the Court finds that substantial evidence exists to uphold the Magistrate Judge's findings, the Court must uphold them, even if evidence also exists to support contrary findings. Little, 2016 WL 778026, at *2. When a Court conducts a de novo

---

leasehold interests in two other locations (369 Peninsula Blvd., Hempstead, NY 11550, and 569 Burnside Avenue, Inwood, NY 11096). However, as there is a state court order temporarily enjoining the Plaintiff from interfering with those locations, and in the interests of comity, this Court declines recommending an order directing Defendants to assign the leases and corresponding telephone numbers for those locations." Id. at 7 n.2. As of July 19, 2016, the Parties have not dismissed the New York case, though they intend to do so. Hearing Tr. at 47:12–15; see Aime v. JTH Tax, Inc., No. 653121/2016 (N.Y. 2016).

[5] Defendants earlier stated, "Aime Consulting, LLC and Aime Consulting, Inc. are not Virginia companies and are not parties to any franchise agreements, nor have they consented to jurisdiction in this Court," Doc. 18 at 1 n.1, but "filing a waiver of service establishes personal jurisdiction over a defendant," 28 U.S.C. § 2361; Fed. R. Civ. P. R. 4(k)(1)(C); Minn. Life Ins. Co. v. Webb, 2014 WL 1681688, at *2 (E.D. Va. Apr. 7, 2014). Because Defendants' counsel accepted service for all four (4) Defendants, their earlier argument that "two of the Defendants (holding four of the leases) are not even subject to this Court's jurisdiction" is moot. Doc. 18 at 2.

3

review, it reexamines all relevant evidence previously reviewed by the Magistrate Judge to determine whether any particular findings of fact raised in the objections are supported by "substantial evidence." 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987); see also Richardson v. Parales, 402 U.S. 389, 390 (1971). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion and sufficient to withstand a directed verdict were the case before a jury. See Teague v. Califano, 560 F.2d 615, 618 (4th Cir. 1977), overruled by Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986).

**B.  Preliminary Relief**

Temporary restraining orders and preliminary injunctions are extraordinary equitable remedies. MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001); Eagle On Alliance v. Jewell, No. 2:13cv371, 2013 WL 6188998, at *4 (E.D. Va. Nov. 22, 2013). A temporary restraining order "may be issued without full notice [to the other parties], even, under certain circumstances, ex parte." Fed. R. Civ. P. 65(b); Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999). Unlike preliminary injunctions, temporary restraining orders are of limited duration, usually lasting fourteen (14) days. Fed. R. Civ. P. 65(b)(2). But cf. Hoechst, 174 F.3d at 422 ("[I]f a temporary restraining order is continued indefinitely, it will be evaluated on appeal as if it were a preliminary injunction."). To receive a temporary restraining order, a plaintiff must show through "specific facts in an affidavit or a verified complaint . . . that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed.

R. Civ. P. 65(b)(1).

To receive a preliminary injunction, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

### III. ANALYSIS

Defendants raise five (5) objections to the Magistrate Judge's R&R: (1) Defendants are not using Plaintiff's trademarks or operating a competing business; (2) Plaintiff's untimely declarations should not be considered; (3) Plaintiff is unlikely to succeed on the merits; (4) Plaintiff cannot prevail under the heightened standard of review required for Defendants assign the franchise leases; and (5) the Court should require Plaintiff to post a bond. Doc. 18 at 3.

i.  *Objection 1: Whether Defendants Should Be Enjoined from Using Plaintiff's Trademarks or Operating a Competing Business*

The Magistrate Judge found that Defendants have "continued operation of the locations, records, and software [bearing] the Liberty Tax name." R&R at 4. Plaintiff at the hearing argued that Defendants could not plausibly be using the several franchise locations still under their control for any purpose except tax preparation services. Hearing Tr. at 39:11–20, July 1, 2016 ("Why else do you maintain control of such a location unless you're going to either operate a Liberty Tax location or operate a competing business?"). Defendants argue that they are not currently using Liberty Tax trademarks or operating a competing business, Doc. 18 at 3, and opposed the TRO because they "are not engaging in any business that sells or advertises services as 'Liberty Tax' or otherwise competes with Plaintiffs," Doc. 13 at 3.

Defendants claim that Plaintiff in the PSA gave Defendants an extension from May 8, 2016 to December 31, 2016 to regain their EFIN. Doc. 18 at 9. Thus, even if Defendants were

5

still using Plaintiff's trademarks and proprietary information, Defendants would not be infringing. See id. Plaintiff responds that this allegation, though filed in Defendants' complaint in the New York case, has never been confirmed or verified, and "is directly contradicted" by the PSA's integration clause. Doc. 20 at 14, 11.

Defendants do not allege that the IRS has reinstated their EFIN. Doc. 18 at 9 ("[I]t remains possible—and in fact, likely—that the IRS will lift the EFIN suspension [by December 31, 2016] . . . ."). They continue to control of six (6) Liberty Tax locations and retain Plaintiff's customer lists, computers, records, and other proprietary manuals. R&R at 5, 7 ¶ 4. These actions constitute substantial evidence to support the Magistrate Judge's finding that Defendants are improperly using Plaintiff's trademarks and property and are likely to cause loss of Plaintiff's customers or goodwill. See JTH Tax, Inc. v. Donofrio, No. 2:06CV47, 2006 WL 2796841, at *5 (E.D. Va. Sept. 26, 2006). Defendants' claim that they received an extension to regain their EFIN is evidence to the contrary, but not sufficient to upset the Magistrate Judge's finding. See Little, 2016 WL 778026, at *2. Therefore, the Court **ADOPTS** the Magistrate Judge's finding that Defendants should be enjoined from using Plaintiff's trademarks and property. R&R at 6.

    *ii.    Objection 2: Whether Plaintiff's Two Declarations Are Properly Considered*

Defendants object to the Magistrate Judge's consideration of Plaintiff's two (2) documents filed the morning of the July 1, 2016 hearing.[6] Docs. 18 at 3, 14, 15; see R&R at 2–3. Titled "declarations," Plaintiff filed the documents as "Affidavit[s] in Support" of the Motion. Docs. 14, 15. The declarants, Vanessa Carion and Princeton Berry, work at one of Defendant

---

[6] The R&R refers to the declarations several times, most significantly in finding that Plaintiff will suffer "irreparable harm absent preliminary relief":
    Plaintiff submitted two declarations by tax preparation employees, indicating that Defendant Aime[ ] changed the locks on two tax preparation locations that Plaintiff now owns pursuant to the Purchase and Sale Agreement. ECF Nos. 14 and 15. In one declaration, an employee indicated that computers and paperwork were missing, and that clients were lined up outside the Liberty Tax locations, 'look[ing] confused.' ECF No. 14 ¶¶ 4–5, 9.
R&R at 4.

Ame's Liberty Tax locations in New York. Docs. 14, 15. Their declarations describe unusual events that occurred at the location on June 17, 2016. Docs. 14, 15.

In deciding whether to grant preliminary relief, a Court may take as true "all of the well-pleaded allegations of [the plaintiff's] complaint and uncontroverted affidavits filed in support of the motion for a preliminary injunction." Elrod v. Burns 427 U.S. 347, 350 n.1 (1976). Federal Rule of Civil Procedure 6(C)(2) requires that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(C)(2).

Here, Plaintiff filed the Verified Complaint, Doc. 6, and the Motion, Doc. 7, on June 22, 2016. Plaintiff's brief in support of the TRO included two exhibits: a franchise agreement and a document from the related New York case. Doc. 8, Exs. A, B. On July 1, however, the day of the hearing and nine (9) days after filing the Motion, Plaintiff filed the Carion and Berry declarations. Docs. 14, 15. Defendants argue that the Magistrate Judge improperly considered the declarations in recommending a TRO because they were untimely. Doc. 18 at 7. They concern June 17 events, but Plaintiff filed them on July 1, more than a week after filing the Motion. Docs. 14, 15, 7. Plaintiff's filing the declarations on the morning of the TRO hearing also prohibited Defendants from subpoenaing the declarants for the hearing. Doc. 18 at 3 n.2.

Plaintiff responds that a TRO can, under Rule 65(b), be granted without any notice to Defendants if Plaintiff files a verified complaint or affidavit in support of its motion. Doc. 20 at 8; see 28 U.S.C. § 1746; Fed. R. Civ. P. 65(b)(1)(A). Plaintiff not only notified Defendants, but filed both a Verified Complaint and the two declarations hours before the hearing. Doc. 20 at 8. In Audio-Video Group, LLC v. Green, this Court granted in part the plaintiff's motion for a TRO despite the plaintiff's filing a supporting declaration six (6) days after the motion and only one (1) day before the hearing. No. 1:14cv169, 2014 WL 793535, at *2 (E.D. Va. Feb. 26, 2014);

see Decl. of Stephen Bon in Supp. of Pl.'s Emergency Mot. for TRO and Prelim. Inj. Though the Court did not cite the later declaration in its order or comment on its timeliness, the Court heavily relied on another declaration filed separately from but on the same day as the motion. 2014 WL 793535, at *3–6; see Decl. of Eric J. Johnson in Supp. of Pl.'s Emergency Mot. for TRO and Prelim. Inj. Rule 6(C)(2) thus should not be understood to prohibit a party from separately filing declarations clearly designated to support a motion for a TRO.

Though Plaintiff had the opportunity to attach the declarations to a reply brief on the Motion, Plaintiff filed the two declarations alone on the morning of the hearing. Docs. 14, 15. The best practice is to provide reasonable notice for Defendants to "address the declarations, investigate or subpoena witnesses." Doc. 18 at 7. Nevertheless, as in Audio-Video Group, it is appropriate for this Court to examine Plaintiff's two (2) timely declarations in deciding whether a TRO is necessary. Therefore, substantial evidence exists to support the Magistrate Judge's consideration of the declarations, and the Court **ADOPTS** the Magistrate Judge's finding that the declarations are material to the TRO decision. R&R at 2–4.

    *iii.*    *Objection 3: Whether Plaintiff Is Likely to Succeed on the Merits*

The Magistrate Judge found that Plaintiff is likely to succeed on the merits: "It is undisputed that Defendants were expelled from the IRS's EFIN program—a ground for immediate termination of the franchise agreements[,]" yet "Defendants failed to comply with post-termination obligations . . . ." R&R at 4. "[I]t is likely (not merely possible) that Plaintiff will suffer irreparable harm absent preliminary relief" because Defendants continue to control and operate tax preparation locations "that [bear] the Liberty Tax name and other related trademarks." R&R at 4.

Defendants argue that the Court should consider both the PSA's extension until

December 31, 2016 for Defendants to regain their EFIN and "the agreement that Defendants would remain in possession of the franchise locations and no actual transfer would take place." Doc. 18 at 8. Defendants cited these facts in their verified complaint in the New York case and claim that they "sufficiently establish why Plaintiffs are not likely to succeed on the merits." Id. Defendants also assert that Allegra Network LLC v. Reeder is distinguishable from this case because the Court gave the Allegra franchisor a preliminary injunction "based on actual evidence that the franchisee continued to use the franchisor's trademark and operate under the franchise name after it moved to a new location in violation of the franchise agreement." Doc. 18 at 4 (citing No. 1:09-cv-912, 2009 WL 3734288 (E.D. Va. Nov. 4, 2009)). Plaintiff responds that Defendants' verified complaint allegations are self-serving and, as the Magistrate Judge agreed at the hearing, "almost entirely [ ] based on information and belief." Doc. 20 at 14, 16 (quoting Hearing Tr. at 28:8–10, July 1, 2016). Plaintiff restates that it is likely to succeed on the merits under several theories, including trademark infringement (Defendants continue to operate tax preparation locations under Plaintiff's name, see Allegra, 2009 WL 3734288, at *7–8); breach of contract (Defendants remain at the Liberty Tax locations despite the revocation of their EFIN); and misappropriation of trade secrets and conversion ("Defendants do not deny that they have refused to return confidential and proprietary franchise assets to Liberty"). Doc. 20 at 12–13.

Defendants have not alleged that Plaintiff's claims are baseless. In fact, Defendants' counsel conceded that Defendant Aime "still is the leasehold owner" of the Liberty Tax locations and has control over them, Hearing Tr. at 26:10–11, July 1, 2016, despite their current signage. "The only access that Liberty has had to these locations is because he's been cooperating and granted them access to get their customer files and things out." Id. at 26:12–14. The locations in dispute are marked with Liberty Tax signage inside and outside the buildings, and Defendants

9

have kept "confidential and proprietary information . . . inside those locations." Id. at 22:4–13.

Despite Defendants' objections, the Magistrate Judge noted that Plaintiff made "most of the factual allegations . . . in the form of a verified complaint, which ordinarily is sufficient . . . in a TRO context." Id. at 28:23–29:1. Therefore, substantial evidence exists to support the Magistrate Judge's finding that Plaintiff is likely to succeed on the merits, and the Court **ADOPTS** the Magistrate Judge's finding that Plaintiff is likely to succeed on the merits. R&R at 4.

  iv. *Objection 4: Whether Plaintiff's Request Requires a Heightened Standard of Review*

Arguing that the Magistrate Judge applied a lower standard than is necessary, Defendants object to the imposition of a mandatory injunction regarding the assignment of the six (6) Liberty Tax leases to Plaintiff. Doc. 18 at 11–12. Plaintiff responds that the Magistrate Judge acknowledged that "a few of Liberty's requests do ask this Court to impose mandatory duty on the part of the defendants" and accordingly applied the heightened standard. Doc. 20 at 14; Hearing Tr. at 33:1–5, July 1, 2016.

A mandatory injunction requires the nonmoving party to take action to relieve a burden on the movant's rights. Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. 2013) (quoting Sun Microsystems, Inc. v. Microsoft Corp., 333 F.3d 517, 525 (4th Cir. 2003), abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006)). "Mandatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994) (citing Wetzel v. Edwards, 635 F.2d 383, 286 (4th Cir. 1980)).

Plaintiff does not dispute that the assignment of leases requires a mandatory injunction because the "last uncontested status between the parties" included Defendants' possession of the

Liberty Tax leases and locations. Docs. 18 at 11, 20 at 17. However, Plaintiff considers the status of the parties "irrelevant" because the "urgency" present is sufficient for a mandatory injunction. Doc. 20 at 17; see Wetzel, 635 F.2d at 286 ("Mandatory preliminary injunctions . . . normally should be granted only in those circumstances when the exigencies of the situation demand such relief."). Indeed, the Magistrate Judge found that Defendant Aime created urgent situations[7] when he "changed the locks on two tax preparation locations that Plaintiff now owns," and "confused" clients with the Liberty Tax location signage and his conflicting behavior. R&R at 4. These circumstances will continually result in Plaintiff's loss of goodwill and reputation without an injunction; thus, the Motion is "urgent." Id. at 9. Substantial evidence supports the Magistrate Judge's finding that the Motion is sufficiently urgent to warrant a mandatory injunction. Because it is evident that the Magistrate Judge applied the heightened standard of review and found that a mandatory preliminary injunction is warranted, the Court **ADOPTS** the Magistrate Judge's finding that a mandatory preliminary injunction is warranted. R&R at 4.

    v.  *Objection 5: Whether A Bond Should Be Required*

Defendants argue that a bond should be required for Plaintiff's temporary restraining order because the harm to Defendants if they prevail at trial "cannot be undone." Doc. 18 at 13. Here, the Parties contracted away the requirement of a bond in event of preliminary relief. Doc. 6, Ex. A at 16 ("[If] Liberty is entitled to a temporary restraining order, . . . such an order or injunctions shall issue without the posting of any bond by Liberty."). With regard to a bond, the Court can exercise its discretion in binding the parties by their contractual terms. See, e.g., Winmark Corp. v. Brenoby Sports, Inc., 32 F. Supp. 3d 1206, 1225 (S.D. Fla. 2014) ("Although the Court is mindful that the Franchise Agreement states that Winmark could be entitled to an

---

[7] According to Plaintiff's declarants, Defendant Aime's behavior required police presence. Docs. 14 ¶¶ 7–8, 15 ¶ 6.

injunction without posting a bond, the Court is not bound by this provision."). However, Plaintiff stated at the hearing that Liberty Tax is a "heavy hitter" and has sufficient resources to provide damages to Defendants if they prevail at trial. Hearing Tr. at 40:10, July 1, 2016. Therefore, substantial evidence exists to support the Magistrate Judge's finding that "Defendants waived any requirement that bond ought to be posted." R&R at 8. The Court **ADOPTS** the Magistrate Judge's finding that a bond is unnecessary.

## IV. CONCLUSION

Therefore, the Court **OVERRULES** Defendants' objections, Doc. 18, and **ADOPTS**, in its entirety, the Magistrate Judge's Report and Recommendation, Doc. 16. The Court **GRANTS IN PART** Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction Should Not Issue. Doc. 7.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 29, 2016